B. CORLEY, Defendant in Error, *v.* McKEAG, Plaintiff in Error.

May 4, 1880.

1. Where the petition makes a memorandum added at the bottom of a promissory note a part thereof, and no special defence is set up, evidence to contradict or vary this memorandum is properly excluded.

2. The functions of a former pleading are at an end when an amended pleading is filed, and it cannot be used as evidence in the case.

ERROR to the St. Louis Circuit Court, THAYER, J.
*Affirmed.*

BEN EMMONS, for the plaintiff in error : The defendant should have been allowed to explain the memorandum on the note. — *O'Neil* v. *Crain*, 67 Mo. 250.   The court erred in permitting an amended reply to be filed after a trial.—*Spangel* v. *Reay*, 47 Cal. 608 ; *Ensworth* v. *Barton*, 67 Mo. 623.   The original reply was competent, as showing admissions.—*Dowzelot* v. *Rawlings*, 58 Mo. 75.

PETER J. TAAFFE, for the defendant in error, cited : *Owens, etc., Co.* v. *Pierce*, 5 Mo. App. 575 ; *Evans* v. *Foreman*, 60 Mo. 449 ; *Capital Bank* v. *Armstrong*, 62 Mo. 59.

LEWIS, P. J., delivered the opinion of the court.

This is a suit upon a promissory note which is filed with the petition, and therein described as being for the sum of $500, payable, for value received, to the order of plaintiff, one year after the date thereof, June 17, 1870, " with interest at the rate of six per cent per annum from date till the maturity thereof, and with interest at the rate of ten per cent per annum after maturity."   The note is in the usual form, and is expressed in the body to be " payable without defalcation or discount, and with interest from date at the rate of six per cent per annum. "   After the defendant's signature appear the words, " This note to bear interest from maturity, at the rate of ten per cent per annum.   M. McKeag."

The answer admits the execution of " the note referred to in plaintiff's petition, and filed as an exhibit in the case," and sets up the defence of payment.   It alleges a payment of $30 in cash, for interest, and states that the note was originally given for half the purchase-money of certain lots bought by defendant from the plaintiff at the price of $1,000, the defendant paying $500 in cash, and giving the note sued on, with a deed of trust securing it, on the same property.

It is further alleged that in February, 1877, an agreement was made between the parties, whereby defendant was to convey to plaintiff by quit-claim deed all his interest in the premises, and this was to be taken in full discharge of the note sued on. That defendant duly executed, acknowledged, and tendered the deed, and here again tenders it to plaintiff, but plaintiff has refused, and still refuses, on his part, to perform said agreement. The answer concludes with a prayer for a decree of specific performance, and a cancellation of the note.

There are some allegations touching an attempted sale under the deed of trust, and the taking of possession of the premises by the plaintiff, but no point was made upon them in the trial. Verdict and judgment were for the plaintiff.

Defendant complains that the court refused to permit him to explain the ten per cent memorandum at the foot of the note, and the circumstances under which it was placed there. There was no error in this. By the allegations in the petition, the memorandum was as much a part of the note as any word or figure contained in it elsewhere. The answer admitted the execution of the whole note, as thus described. This was an admission of the execution of the memorandum according to its exact purport, as incorporated in the original obligation and promise, "for value received." No spe cial defence against it was set up in the answer. Had the pleading attacked the consideration, or otherwise prepared the way, the testimony might have been admissible ; and no explanation was possible, under the circumstances, without a violation of the rule which forbids any varying of an obligation in writing by parol testimony. The effect is not at all varied by the fact alleged, that the memorandum was added some time after the original delivery of the note. The petition and answer make the two parts one, and of simultaneous obligation for all purposes.

It appears that there had been a previous trial of the cause, in which the plaintiff's reply had set up the Statute

of Frauds against the validity of the agreement charged in the answer. Some days before the last trial the plaintiff, by leave of court, filed an amended reply, which was merely a general denial of the new matter contained in the answer. Defendant moved to strike out this amended reply, chiefly because it deprived him of the benefit of certain admissions supposed to appear in its predecessor, which he had enjoyed at the former trial.

The overruling of this motion is assigned for error. We can perceive no ground upon which the motion should have been sustained. That the amended reply had a tendency to put the plaintiff's case in a better position, or the defendant's in a worse one, is certainly no objection to the filing of the paper, since some such effect is supposed to be the object of every amended pleading which the statute expressly permits.

No party can acquire a vested right in the pleading of his opponent, so long as it may be replaced by a different one, within the law of amendments. Nothing in the record indicates that the court exercised its discretion in the matter either unwisely or unjustly. Defendant's objections to the court's refusal to let him read in evidence the reply first filed, are alike untenable. It was an abandoned pleading in the same case, and could not be introduced for any such purpose as was intended. *Owens, etc., Co.* v. *Pierce*, 5 Mo. App. 576; *Breckenkamp* v. *Rees*, 3 Mo. App. 585. The case of *Dowzelot* v. *Rawlings*, 58 Mo. 75, has no application, because the paper there introduced belonged to another case, and had never been a pleading in the case on trial.

We can find no just ground of complaint against the giving or refusing of instructions. Those given by the court presented a full and fair statement of the issues and of the law bearing upon them, except in so far as they failed to give the plaintiff any benefit of the Statute of Frauds. The instructions refused to defendant contained nothing to which

he was entitled that did not fully appear in those that were given. The law of tender was fairly and intelligently stated. If the defendant considered that more of detail and explanation would have better adapted the instructions to the capacity of the jury, it was his privilege to ask for such amplification as would have secured the object. Having failed to do so at the proper time, he cannot now complain.

The vital issue, as defined in the instructions, was, whether the alleged agreement by the plaintiff to accept a quit-claim deed in satisfaction of the note, was absolute and unconditional, or was expressly conditioned upon his wife's consent thereto. The testimony on this point was contradictory. The verdict shows that the jury found, as matter of fact, that the agreement, if any, was conditional as stated, and that the plaintiff's wife never gave her consent thereto. We cannot disturb this finding, which, under the pleadings, is conclusive of the plaintiff's right to recover.

With the concurrence of all the judges, the judgment is affirmed.