ANDERSON *et al.* v. McPIKE, *Appellant.*

1. **Fraudulent Representations**: EVIDENCE. In an action for damages for fraudulent representations touching the financial condition of a third person, evidence of such representations to plaintiffs by defendant are admissible in evidence, if they were the means of inducing the plaintiffs to part with their property, as in that case there would be a fraud coupled with an injury.

2. ———: PRACTICE: INSTRUCTIONS. In the trial of an action for damages for fraudulent representations touching the financial condition of a person, the jury should not be left to conjecture as to what are *material* false statements.

86 293
31a 208

86 293
100 400
38a 455

86 293
40a 27

86 293
105 430

86 293
49a 47

86 293
125 407
57a 399
57a 417

86 293
141 464
144 687

86 293
150 383
80a 636

86 293
81a 175

86 293
91a 514

86 293
89a 60
f89a 171

Anderson v. McPike.

3. **Land and Land Titles** : TITLE BOND, SURRENDER OF. The holder of a title bond to land, who surrenders ,it to him who executed it, thereby obliterates whatever equitable right he may have theretofore had in the land.

4. **Evidence** : ADMISSIONS OF ONE IN POSSESSION OF LAND. The admissions of one, since deceased, respecting his title to land, made while in possession of the land, are competent evidence, even as against strangers.

5. **Title to Land** : UNRECORDED TITLE BOND : NOTICE. A purchaser of land for value, without notice of an unrecorded title bond, will take a clear title against any right growing out of such bond.

6. **Fraudulent Representations, Reliance Upon.** Where a party to whom fraudulent representations are made does not rely upon them, but seeks information from other quarters to verify the statements made, he cannot afterwards claim that a deceit has been practiced upon him by the party originally making the representations.

7. ——— : BURDEN OF PROOF : PRESUMPTION. If a party who has the means of information at hand makes the assertion that he relied on the statement of another, the burden is on him to establish the statement. For the law presumes that he who can see for himself, if he will but look, does look and find out for himself, and if he asserts the contrary, he cannot prevail without overcoming the presumption thus arising.

8. **Fraudulent Representation** : KNOWLEDGE OF PERSON MAKING : PRESUMPTION. Fraud is not established and relief will not in genⁱ ral be granted without proof that the party who made the false representation knew at the time it was false. The law raises no presumption of knowledge from the mere fact that the representation is false.

9. **False Assertion of Value** : WARRANTY : OPINION. A mere false assertion of value, where no warranty is intended, is no ground of relief to a purchaser, because such assertion is a mere matter of opinion, which does not imply knowledge. and is a thing about which men may differ. Mere expression of judgment or opinion does not amount to warranty.

10. **Equity** : PURCHASER WITH NOTICE UNDER PURCHASER WITHOUT NOTICE. A purchaser with notice, from a *bona fide* purchaser for a valuable consideration without notice, is entitled to the same protection in equity against one seeking to overturn his title as the purchaser without notice.

11. **Admissions in Pleadings** : EVIDENCE : PRESUMPTION, REBUTTAL

OF. *Prima facie* the original answer of a defendant in a cause is competent evidence against him. But the testimony of the attorney, whose name is signed to the answer, that defendant did not employ him in the cause, is sufficient to overthrow the presumption arising from his name being signed as defendant's attorney and to exclude the answer as evidence.

12. **False Representations** : EVIDENCE. In an action for damages for fraudulent representations in the sale of land between a purchaser under a deed of trust and his grantors, a deed from the grantor in the deed of trust to a third person, made after the purchase at the sale under the trust deed, and the subsequent sale by such purchaser, is irrelevant and inadmissible in evidence.

13. **Land, Purchase of** : POSSESSION : VENDOR AND VENDEE. Where the vendor of land, at the time of contracting, refuses to put the vendees in possession, and the conveyance is accepted on such terms, it is not the vendor's duty to put the vendees in possession.

*Appeal from Macon Circuit Court.*—HON. ANDREW ELLISON, Judge.

REVERSED.

The following is the instruction mentioned in the opinion of the court.

"3. The court instructs the jury that the claim made by Means is not a valid one as against the plaintiffs, and cannot be enforced against them, unless the jury find, from the evidence in the case, that McPike, in making the purchase at the trustee's sale of said land made by J. B. Smith, bought the same for Modisett and not for himself, and it devolves upon the plaintiffs to show this by a preponderance of testimony, and if the plaintiffs have failed to do so, then the verdict of the jury should be for defendant on that issue, although the jury may believe from the testimony that Geo. F. Hatch, attorney for Means, gave notice to McPike, at the sale, of the existence of the bond, unless the jury further find that J. B. Smith had notice of Means' claim at the time he accepted the deed of trust from Modisett."

*D. H. McIntyre* and *W. H. Biggs* for appellant.

(1) False representations by a vendor as to the value of the property sold cannot be made the basis of an action for deceit. The vendee has no right to rely on them. *Gordon v. Parmelee et al.*, 2 Allen (Mass.) 212; *Sanford v. Handy*, 23 Wend. 260; *Van Epps v. Harrison*, 5 Hill (N. Y.) 63; *Crank v. Cole*, 10 Ind. 485; Kerr on Fraud and Mistake, 82–88; 2 Kent Com., top. p. 486 (12 Ed.). (2) The court committed error in permitting Reuben Anderson to testify as to appellant's declarations and statements when the parties had met for the purpose of effecting a compromise. 1 Greenl. Evid. (12 Ed.) sec. 192; *Williams v. Thorp*, 8 Cow. (N. Y.) 201. (3) The court should have sustained appellant's objection to the reading in evidence of the title bond from Modisett to Means, dated March, 1866. *Fox v. Hall*, 74 Mo. 315. (4) The court erred in permitting the respondents to read in evidence quit-claim deed from Modisett to Means, dated June 26, 1876. *Hone v. Van Winkle*, 3 C. E. Green (N. J.) 495. (5) There should have been no testimony admitted in regard to representations by appellant as to the financial condition of Modisett, or the value of his property and the amount of his indebtedness. *Arthur v. Barrows*, 41 Conn. 287; *Wellington v. Small*, 3 Cush. 145. (6) The paper purporting to be the first or original answer of defendant and signed by George W. Foster, attorney, should not have been read in testimony against the defendant, without first proving that the attorney signing the answer had authority so to do, or had been employed in the case by defendant. Foster was not attorney of record for defendant, except so far as shown by this paper. *Sone v. Palmer*, 28 Mo. 539; *Foster v. Wiley*, 27 Mich. 244; *Weiland v. White*, 109 Mass. 392. The statement in the paper that defendant bought the land at trustee's sale for Modisett,

was prejudicial to defendant's case. (7) The third instruction asked by appellant and refused by the court, properly declared the law. *Hill v. Paul*, 8 Mo. side p. 482 ; *Helm v. Logan's Heirs*, 4 Bibb (Ky.) 78.

*Thos. J. C. Fagg* for respondents.

(1) The court committed no error in permitting plaintiffs to prove representations of defendant as to the amount of property owned by Modisett and his ability to pay his debts, and as to the condition and value of the lands he conveyed to them. *Vernon v. Keys*, 12 East, 632. (2) The court committed no error in permitting Reuben Anderson to testify to defendant's declarations at the time they made an effort to compromise. 1 Greenl. on Evid., sec. 192. and cases cited ; *Snow v. Batchelor*, 8 Cush. 513. (3) There was no error in admitting in evidence the title bond from Modisett to Means. *Fellows v. Wise*, 55 Mo. 413. (4) The court committed no error in allowing plaintiffs to read the original answer filed by defendant in this cause. 58 Mo. 75 ; Weeks on Attorneys, sec. 185. (5) The instructions properly declared the law, and, upon the whole, placed the case before the jury very favorably to defendant. The instructions asked by defendant and refused were manifestly erroneous. If plaintiffs were deceived by false statements and sustained damages, they had their election to rescind or sue for damages. *Owens v. Rector*, 44 Mo. 389. (6) There was no misjoinder. See Bliss on Code Pleading, sec. 411. Not having demurred to the petition it must be treated as having been waived. *Russell et al. v. Defrance*, 39 Mo. 506 ; *Kerr v. Bell*, 44 Mo. 120 ; 68 Mo. 454 ; 50 Mo. 158.

SHERWOOD, J.—Plaintiffs brought this action for damages based upon false representations charged to have been made to them by defendant, in effecting a sale to them of a farm in Ralls county, in February, 1873.

The false representations are alleged to consist in statements made by the defendant as to the quality, title, and value of the land thus sold to them, as well as to Modisett's financial condition, whereby plaintiffs were induced to accept the farm and to surrender notes held by them against Modisett, whom the petition alleged was perfectly solvent, had abundant property to pay all of his debts, and that plaintiffs could easily have compelled payment of said notes, but, being ignorant of the facts, were deceived by defendant, on whose fraudulent representations they relied.    The petition thus contained three elements as bases of recovery: (1) False representations as to Modisett's financial condition.  (2) As to the value of the land.  (3) As to the title.

I.   On the first point, evidence touching fraudulent representations made by defendant as to Modisett's financial condition was admissible if they were the means of inducing plaintiffs to surrender their notes to defendant.  If it was true that such representations were made and induced that result, then an action on the case would lie, as there would be fraud, coupled with injury, and it would resemble, in this respect, cases where fraudulent acts or representations were successful in defeating a judgment or attachment lien, such lien being regarded as a vested or specific right, an injury thereto capable of being definitely ascertained and estimated.   Cases, therefore, cited by counsel respecting fraudulent acts or representations as to a debtor's financial condition, in consequence of which creditors failed to secure a lien on his property and thereby lost their debts, are obviously inapplicable in the present case ; for here, there was a loss, if it be true that such misrepresentations were in truth and in fact made and resulted in the way stated.   But it is by no means clear that any such false representations were made by defendant.   An examination of the testimony induces the belief that there was no evidence on this

point. If this be true, then that element was eliminated from the case and should not have been submitted to the jury, and even if there were testimony on the point mentioned it was improper to leave the jury to conjecture as to what were "*material* false statements."

II. (*a*) Relative to false representations as to the title of the land, if the testimony of Foster is to be credited, and it stands undisputed on the record, Means had no title whatever in the land sold by defendant to plaintiffs, as Means, according to Foster's testimony, in 1869 or 1870, surrendered to him the title bond executed to him by Modisett and instructed Foster to give the bond to Modisett. This act of Means obliterated whatever equitable right he theretofore may have had in the premises, for it cannot be doubted from the fact of its surrender that such an effect was intended. (*b*) And the admissions of Means while in possession of the land, he having since deceased, were competent evidence, even as against strangers. 1 Wharton on Evidence, section 237, and case cited; 2 *Id.*, section 1156. And it is said not to be necessary as a condition of admissibility that the declarant should be dead, though the better view is to restrict the admissibility of living predecessors in suits against strangers to cases where such declarations are part of the *res gestæ*. 1 Greenl. Evid., sec. 109. On this account, the testimony of Foster as to what Means swore, respecting his title at that time, he being then in possession of the land, was admissible. (*c*) Furthermore, it is difficult to see how there could be any failure of title to the land in any event, as plaintiffs, according to their own testimony, were purchasers, for value, without notice of the title bond, and, therefore, if this was the case, would take a clear title against any right growing out of the title bond, since that was not of record. *Fox v. Hall*, 74 Mo. 315.

III. (*a*) Concerning the fraudulent representations said to have been made by defendant respecting the

quality or value of the land, the testimony of Anderson seems to exonerate him from this charge. And the testimony appears to greatly preponderate in favor of the view that defendant did not make any fraudulent representations respecting the value of the land, but that he expressly referred plaintiffs, for information on the subject, to Biggs, and that Anderson went to Biggs and obtained information all about the land, and afterwards communicated that information to Schooler. It is held that, even if fraudulent representations are made respecting a given subject, and the party to whom the representations are made does not rely upon such representations, but seeks from other quarters to verify the statements made, he cannot afterwards claim that a deceit has been practiced upon him by the party originally making the misrepresentations. Bigelow on Fraud, 87, and cases cited. (*b*) And if the party who had the means of information at hand, make assertion that he relied on the statement of another, the burden is on him to establish the statement. (*c*) For the law presumes that persons who can see for themselves, if they will but look, do look and find out out for themselves, and if they assert the contrary of this, they cannot prevail without overcoming the presumption thus arising. *Id.* 70. (*d*) And "fraud is not established, and redress or relief will not in general be granted, without proof that the party who made the false representation knew at the time it was false. The law raises no presumption of knowledge from the mere fact that the representation is false." *Id.* 57. (*e*) It is equally clear that "a mere false assertion of value, where no warranty is intended, is no ground of relief to a purchaser, because the assertion is a matter of opinion which does not imply knowledge, and in which men may differ ; mere expression of judgment or opinion does not amount to warranty. Every person reposes at his peril in the opinion of others, when he has equal opportunity to form and exercise his own judgment—*simplex commen-*

*datio non obligat.*" 2 Kent, 486. If defendant did, in fact, refer the plaintiffs to Biggs for information as to the value of the farm, and that information was obtained by them from Biggs, defendant's statements of the value of the farm, if made in that connection, should only be regarded as expressions of opinion.

IV. The third instruction asked by the defendant should have been given. If Smith was an innocent mortgagee, and Means, who was in possession of the land at the time, informed him that he was only a tenant of Modisett's, and on faith of this statement he loaned his money, he was entitled to protection as an innocent purchaser, and if defendant bought the land for himself, as he testifies, and not as the agent of Modisett, then, clearly, McPike must stand in Smith's shoes, or else it might happen that Smith would have an unmarketable title on his hands. 2 Story Eq. Jur., sec. 1503 *a*.

V. *Prima facie* the original answer of defendant was competent evidence against defendant. Weeks on Attorneys, sec. 185; *Dowzelot v. Rawlings*, 58 Mo. 75. But the testimony of Foster, that defendant did not employ him in the cause, was sufficient to overthrow the presumption arising from his name being signed to the answer as the attorney of defendant, and to exclude the answer from consideration by the jury.

VI. The deed made by Modisett to Means in 1876, was clearly inadmissible and had no bearing or relevancy to the case, no more than would have been a written statement by Modisett to Means, that the latter was the real owner of the land. The rights of parties litigant can not be prejudiced in this way.

VII. It stands admitted in evidence that defendant, at the time of contracting, refused to put plaintiffs in possession of the farm sold them. By accepting the conveyance on such terms, it was no part of defendant's duty to put Means out of possession and to put plaintiffs in possession. Besides, Modisett proffered to put

plaintiffs in possession, and the proffer was declined. Plaintiffs should certainly not have both the money and the land, and their recovery in the lower court amounted to about the amount of the notes.

The judgment should be reversed and the cause remanded. All concur.