H. S. JUSTICE, Appellant, v. TOWN OF LANCASTER, Respondent.

Kansas City Court of Appeals, February 8, 1886.

1. PLEADING—DEMURRER—EFFECT OF.—If a demurrer goes to the whole answer, and any matter pleaded in the answer tenders any defence, in whole or in part, to the action, the demurrer must be overruled.

2. ESTOPPEL—PRINCIPLES GOVERNING.—" * * * When one induces another to change his position, under circumstances which, at the time, would justify a man of care or prudence in acting as was done, the person inducing such action can neither, in whole or in part, repudiate the effect of his conduct. * * * Action is induced by an express or implied undertaking to abide by the undertaking; the fact that the action is so taken, being the ground of estopping the other party to repudiate his undertaking." Bigelow on Estoppel, 578.

APPEAL from Schuyler Circuit Court, HON. ANDREW ELLISON, Judge.

*Affirmed.*

The case is stated in the opinion.

HIGBEE & RALEY and C. C. FOGLE, for the appellant.

I. The demurrer should have been sustained. This case falls within the provisions of art. II., sect. 21, constitution of Mo. (1875). The party injured may resort to any common law action, which will afford him adequate and appropriate means of redress. *Householder v. Kansas City*, 83 Mo. 488.

II. The count demurred to alleges "that the grade lines of the street had never been established by ordinance." This is immaterial. *Harman v. Omaha*, 21 Cent. L. J. 129.

III. Where embankments are made above the grade of the street, both the city and the railroad company are liable. *Tate v. R. R.*, 64 Mo. 158 ; *Cross v. R. R.*, 77 Mo. 322. The city is primarily liable. Dill. Mun. Corp. (3 Ed.) sect. 1037, note 1.

IV. Defendant is liable in this case at common law. This is not a case of change of grade. Defendant negligently permitted the railroad company to make a fifteen foot cut across the street. Instead of compelling it to conform its track to the grade of the street, defendant required it to erect a bridge with certain approaches. This was negligence at common law. The ordinance would shield the railroad company from any liability.

V. The act of 1885 (sess. acts, 1885, March 28) is subsequent to the trial of this cause in the circuit court as in the *Householder case, supra.*

No brief appears on file for the respondent.

PHILIPS, P. J.—This is an action to recover damages against the defendant, a municipal corporation, for

injury done to plaintiff's adjoining property by raising the grade of the street. The petition charges that the work was done by defendant's permission and direction.

The answer, after tendering the general issue, alleged that a certain railroad, under charters ante-dating the adoption of the state constitution of 1875, had built its road through the defendant town, and having a right so to do, where it intersected the street in question, it made a cut of fifteen feet deep, thus necessitating the making of a grade-crossing, or the erection of a bridge over this point. That in 1883 the defendant, through its counsel, adopted an ordinance calling on said railroad corporation to erect a bridge at this crossing, with proper approaches, as required by the charter of the railroad. The answer alleges that the bridge was accordingly built by the railroad company, and the embankment complained of was thus made. It is also alleged that no grade of this street had hitherto been made by the town.

The answer further pleaded that prior to the erection of this bridge, or the adoption of the ordinance, the plaintiff applied to members of the city council and urged them to have said bridge built, without regard to its height, well knowing at the time that the bridge would necessitate the building of such approaches, and that it was plaintiff's influence exerted on the town council, more than anything else, which brought about the ordinance, etc.

To this answer plaintiff interposed a general demurrer, which, being overruled, he declined to plead further, and let judgment go on the answer. From this judgment he has appealed.

I. If the only defence interposed by the answer went to the question, was defendant exempted from liability by reason of the acts of the railroad company and its ordinances, we are not prepared to say that the demurrer was not well taken. But the demurrer went to the whole answer. If, therefore, any matter pleaded tendered any defence, in whole or in part, to the action, the demurrer was properly overruled.

I am of opinion that the facts pleaded, touching the conduct of plaintiff in soliciting the adoption of the ordinance, and the erection of the bridge with its approaches, constitute matter of defence, and the demurrer was too broad. The matter thus pleaded may not be technically an estoppel, but it is so allied to it in principle that the courts will not permit a party to recover damages voluntarily incurred or invited by himself.

Bigelow on Estoppel (p. 578) covers the whole question: ''It may now be broadly said that when one induces another to change his position under circumstances which at the time would justify a man of care or prudence in acting as was done, the person inducing such action can neither, in whole or in part, repudiate the effect of his conduct. * * * Action is induced by an express or implied undertaking to abide by that undertaking; the fact that the action is so taken being the ground of estopping the other party to repudiate his undertaking. A street, *e. g.*, is vacated by a town upon the petition of citizens; the result is that the petitioners cannot, contrary to the terms of their petition, afterwards allege that the town holds the land subject to an implied easement for their benefit. In like manner if one without actually inducing another to act in a particular way assent to the thing done and seek to derive a benefit from it, he cannot, in case of disappointment, repudiate the validity of the act assented to.''

In *Landes v. Hamilton* (77 Mo. 555), it is held that where a city, at the request of certain citizens, instituted legal proceedings for the condemnation of certain land for a street, the citizens thus promoting the condemnation proceedings, were estopped from asserting a prior dedication of this property to the town for a street.

In *K. C., St. L. & C. R. R. Co. v. Farrell* (76 Mo. 183), the railroad in running through defendant's land made a deep cut of thirteen and nineteen feet deep, near defendant's dwelling, interfering with his egress and ingress from and to a street. Before making a crossing

at this point defendant objected to the company putting a bridge there, and said he wanted a grade-crossing. After the company had entered upon the execution of the grade plan, the defendant objected, and said he wanted a bridge. It was held that his objection came too late ; and, further, that he could not recover any damages consequent upon a grade-crossing instead of a bridge, for the reason that a party cannot recover damages occasioned by his own acts and conduct. "No question of technical estoppel is involved here, but the question is, shall one recover for damages voluntarily incurred by himself?" If it be said that after the cut was made across the street by the railroad company, the plaintiff, in order to enjoy the use of the public highway, had to submit either to a bridge or grade-crossing, and he chose the one he did, as he preferred a fill in front of his property to a cut, on the authority of the case above cited, the plaintiff could not recover one dollar of damages on account of the embankment more than would have resulted from a cut. And if the damage to his property would have been less by having a grade-crossing, it would have been admissible under the plea to show the fact, for it went both to the right of action and the measure of damages. It tendered substantial matter of defence, which it would have been error to strike out on motion. The demurrer was too broad, and was properly overruled.

The judgment must, therefore, be affirmed. All concur.