P. C. MURPHY, Respondent, v. ST. LOUIS TYPE FOUNDRY, Appellant.

**St. Louis Court of Appeals, February 28, 1888.**

1. EVIDENCE—ABANDONED ANSWER.—An abandoned answer, filed in a cause other than the one on trial, is competent evidence of admissions made by the party who filed it.

2. DAMAGES—ACTS DONE BY ADVICE OF PARTY COMPLAINING.—A party who gives an opinion to another under circumstances which impart a persuasive weight to such opinion, whereby the other is induced to pursue a certain course of action, cannot afterwards claim damages for the injurious consequences of such course of action, on the ground that there was only an expression of opinion, as contradistinguished from an erroneous or misleading statement of fact.

APPEAL from the St. Louis Circuit Court, HON. SHEPARD BARCLAY, Judge.

*Reversed and remanded.*

DYER, LEE & ELLIS and THOMAS METCALF, for the appellant: The court committed error in admitting an abandoned answer made by the defendant in another suit. Whittlesey's Mo. Prac. 289; *Corley v. McCabe*, 9 Mo. App. 68; *Breckenkamp v. Reese*, 3 Mo. App. 585; *Machine Co. v. Pierce*, 5 Mo. App. 575; *Brown v. Fector*, 7 Wend. 301. The third instruction is clearly erroneous and practically nullifies the effect of instruction numbered five, given at the instance of defendant. It tells the jury, in effect, that if the representations made by plaintiff's architect concerning the strength of the then unfinished building in controversy, made in plaintiff's presence and hearing, was an expression of opinion, as contradistinguished from a statement of fact, then the defendant is not estopped from claiming damages, even though the defendant subsequently made the subtenant lease to the Compton Lithograph Company upon the strength of such representation or opinion. *Justice v. Town of Lancaster*, 20 Mo. App. 559; *Union Savings Association v. Kehlor*, 7 Mo. App. 158; *Taylor v. Saugrain*, 1 Mo. App. 312; *Rice v. Groffman*, 46 Mo. 434.

CAMPBELL & RYAN, for the respondent: The court did not err in admitting in evidence the original and amended answers, in the case of *Compton Lithograph Co. v. St. Louis Type Foundry*. *Dowzelot v. Rawlings*, 58 Mo. 75, 77; *Turner v. Baker*, 64 Mo. 231, 245; *Ellis v. Jameson*, 17 Me. 235; *Cragin v. Carleton*, 21 Me. 492; *Wells v. Compton*, 3 Rob. 171-182; *Tiley v. Cowling*, 1 Ld. Raym. 744; 1 Greenleaf on Evid., secs. 186, 195, 205, 527a; *Priest v. Way*, 87 Mo. 28, 32, 33. The mere expression of an opinion by plaintiff, or his architect (if speaking for him), concerning the strength of the building, would not be binding on plaintiff and create an estoppel, as claimed by counsel. *Hammerslough v. Kansas City Ass'n*, 79 Mo. 85-6; *Walsh v. Morse*, 80 Mo. 568, 573; *Caldwell v. Henry*, 76 Mo. 254,

260; *Dunn v. White*, 63 Mo. 181, 185. No man can set
·up the conduct of another as an estoppel where he knew
or had the same means of knowledge as to the truth of
the statement as the other party. *Spurlock v. Sproule*,
72 Mo. 510; *Bales v. Perry*, 51 Mo. 453; *Douglass v.
Cissna*, 17 Mo. App. 44, 62, 63; 31 Pa. St. 334. The case,
tried below, was dependent on questions of fact. The
testimony on nearly all the material points was contra-
dictory, and the verdict of the jury upon these disputed
facts will not be disturbed by this court. *Blenney v.
Railroad*, 87 Mo. 635–642; *Rosecrans v. Railroad*, 83
Mo. 678–682–683; *Meyers v. Union Trust Co.*, 82 Mo.
237–241; *Cape Girardeau Co. v. Bruitil*, 51 Mo. 144;
*Moore v. Pieper*, 51 Mo. 157; *Brown v. Railroad*, 13
Mo. App. 465–6; *Hill v. Sutton*, 8 Mo. App. 353–356;
*Hitchler v. Voelker*, 8 Mo. App. 492–3.

THOMPSON, J., delivered the opinion of the court.

The plaintiff leased to the defendant a building, and
the defendant sublet a portion of it to the Compton
Lithograph Company. The portion used by the Litho-
graph Company was injured while in its use, by the
weight of its presses and the vibrations produced by
them, as the plaintiff's evidence tends to show, but by
the inherent defects of the building, as the defendant's
evidence tends to show. The plaintiff repaired the
damage at considerable expense, and brought this action
against the defendant, as his lessee, to recover the
money so expended. There was a trial by jury and a
verdict and judgment for the plaintiff, from which the
defendant appeals. Although the record is voluminous
and the testimony on most points conflicting, the rulings
of the trial court which are challenged by the appellant
may be treated within a small compass.

I. The first assignment of error is that the trial
court committed error in admitting in evidence an
*abandoned answer* which had been filed by defendant in
a former action brought against it by the Compton
Lithograph Company. It is to be regretted that there

should be any doubt as to the law upon such a question; but we find that there is a conflict of opinion upon it in the decisions in this state, in several of which it has not been well considered. In *Priest v. Way*, 87 Mo. 16, 27, 28, it was held that while the *deposition* of a party may be read against him as an admission in another cause, yet it cannot be read against him in the same cause in which it was taken, if he is present at the trial ready to testify and makes specific objection to its being read. This decision overruled on this point a case decided but shortly before (*Pomeroy v. Benton*, 77 Mo. 82), and the conclusion is weakened by a strong dissenting opinion by Sherwood, J., who holds that the admissions of a party are evidence against him, no matter where made. Prior to this decision, it had been several times ruled by this court that an abandoned pleading cannot be read in evidence as an admission by the opposite party on the trial of the *same case* in which the pleading was filed. *Corley v. McKeag*, 9 Mo. App. 41; *Owens Co. v. Pierce*, 5 Mo. App. 576; *Breckencamp v. Rees*, 3 Mo. App. 585. In the case of *Corley v. McKeag, supra*, the case of *Dowzelot v. Rawlings*, 58 Mo. 75, was distinguished, on the ground that the paper there introduced belonged to *another case*, and had never been a pleading in the case on trial, thus apparently recognizing a distinction between the admissibility of the pleading in a case on trial and a pleading which had been filed in another case. Turning to *Dowzelot v. Rawlings, supra*, we find nothing in the opinion which indicates that the pleading in the other case, which was held admissible in evidence, was an abandoned pleading. In the subsequent case of *Turner v. Baker*, 64 Mo. 228, 245, it was held that the petition in another action of ejectment, sworn to as required by the state of the law existing at the time when it was filed, was admissible as a solemn admission of the party who was plaintiff in that action respecting the fact of his being out of possession at that time; but it does not appear that this was an abandoned petition. Coming

down to the late case of *Anderson v. McPike*, 86 Mo. 293, 301, we find that it was ruled that an abandoned answer filed by the defendant in the same case was competent evidence against him. If an abandoned answer filed by a defendant in the same case is now to be regarded as competent evidence against him, for at least equal reasons the rule must be the same in respect of an abandoned answer filed by him in another case ; and such would seem to be the proper rule on principle. Admissions of a party against his own interests, voluntarily made, are, as a general rule, evidence against him, without reference to the time when, the place where, or the circumstances under which, they were made ; and the fact that they were subsequently retracted cannot in reason deprive them of their competency as evidence, although it may affect their credibility. Why this principle should not apply to abandoned pleadings in all cases, whether originally filed in the case on trial or in some other case, I am unable to perceive, unless it has come to be the rule that the law has such a remote concern with justice that parties are not expected to tell the truth in the pleadings which they file in civil proceedings. In view of the decision of the Supreme Court last cited, we cannot say that error was committed in admitting in evidence this abandoned answer.

II. The other assignment of error challenges the second instruction given at the request of the plaintiff. The defendant had given evidence (controverted by the plaintiff) tending to show that, before the lease was signed by the plaintiff to the defendant, the defendant cast about to find a sub-lessee to take a portion of the building, not wishing to occupy the whole building itself, and wishing to reduce its rent ; that negotiations were begun between the defendant and the Compton Lithograph Company with the view of the latter becoming such sub-lessee, but that a question was raised as to whether the building was strong enough to support the heavy presses and machinery employed by the Litho-

graph Company; that thereupon an interview took place between an officer of the defendant, an officer of the Lithograph Company, the plaintiff, and the plaintiff's architect, the last-named gentleman being in charge of the building which was then in an unfinished state; that at this interview the presses and machinery of the Lithograph Company were inspected, and that the plaintiff's architect, in the presence of the plaintiff and of the other parties named, and without his dissent, assured the defendant's officer that the building was amply strong to support the weight and vibrations of the presses and machinery; upon the faith of which assurance the premises were sublet to the Lithograph Company. The defendant's evidence also tended to show that the portion of the building sublet. to the Lithograph Company was used by it in the ordinary and accustomed manner of carrying on its business, having reference to the weight of its presses and the character of its machinery. The plaintiff's evidence, on the contrary, tended to show that the use of such a building for such machinery was an unreasonable use.

As applicable to this evidence, the court, at the request of the plaintiff, gave the following instruction, which is the one now challenged:

"The court instructs the jury that, although they may believe from the evidence that the plaintiff or his architect stated to the defendant's representatives that the building at Third and Vine would be strong enough to hold the machinery of the Compton Lithograph Company; yet, if you further believe that such statement by plaintiff or his architect was a mere expression of opinion (as distinguished from a statement of fact) as to the strength of said building in relation to holding said machinery, and that the defendant had ample opportunity to inspect said building, its plans and specifications, or have same inspected and examined; and if you further find that the cause of the damage complained of was the use in said building of the said Lithograph Company's machines, and that such was an unreason-

able and improper one of said building, then you will find a verdict for plaintiff if you further find the facts to be as detailed in instruction number two."

We are of the opinion that the learned judge mistook the law of the case in giving this instruction. This is not like the case of an action for damages for deceit, where the defendant may become liable for misrepresenting a *fact*, though not for expressing an erroneous *opinion*. This case rather involves an application of the maxim, *volenti non fit injuria*. The principle is that if A, by whatever means, persuades or induces B to take a certain course of action, from which action injury results to A, A cannot recover damages for such injury from B, because he has consented to it and assisted in producing it. The principle has been well stated by Dr. Bigelow in his work on Estoppel, in the following language : "It may not be broadly said that, when one induces another to change his position under circumstances which at the time would justify a man of care or prudence in acting as was done, the person inducing such action can neither, in whole nor in part, repudiate the effect of his conduct. * * * Action is induced by an express or implied undertaking to abide by that undertaking, the fact that the action is so taken being the ground of estopping the other party to repudiate his undertaking. A street, *e. g.*, is vacated by a town upon the petition of the citizens ; the result is that the petitioners cannot, contrary to the terms of their petition, afterwards allege that the town holds the land subject to an implied easement for their benefit." Bigelow Est. (3 Ed.) 578. This language was quoted with approval by the Kansas City Court of Appeals, in *Justice v. Town of Lancaster*, 20 Mo. App. 559, 562. The same or a similar principle was acted upon by our Supreme Court, in *Landes v. Hamilton*, 77 Mo. 555, and in *Kansas City Railroad Co. v. Farrall*, 76 Mo. 183, 190. In the last-named case a railway company being about to erect a bridge over its road at a road crossing, the plaintiff, who was interested in the maintenance of the road,

objected, and requested the company to make, instead of a bridge, a grade crossing. To this the company assented, and when the grade crossing was half made, the plaintiff changed his mind and demanded a bridge, which the company refused to build. In a proceeding to appropriate the plaintiff's land for the company's right of way, it was held that the plaintiff could not recover the enhanced damages which had resulted to him in consequence of the company having made a grade crossing instead of a bridge. The court, speaking through Henry, J., said: "No question of technical estoppel is involved here; but the question is, shall one recover for damages voluntarily incurred by himself?" In the application of this principle it can obviously make no difference whether the action which the plaintiff induced the defendant to take (according to defendant's evidence) was induced by the statement or warranty of a fact, or by the expression of an opinion. If the defendant's evidence is true (on which point, of course, we express no opinion), he took the most effective means to induce the particular action on the part of defendant. He removed the doubts of the defendant by the opinion of the man who, of all others, was in a position to give such an opinion as would probably influence the defendant in the course of action which the plaintiff desired it to take,—namely, the plaintiff's own architect, a skilled expert in such matters, who had made the plans of the building, and who was actually in charge of its construction at the time. A use of plaintiff's building which he had thus encouraged and brought about, to which he had thus in advance consented, could not in law be deemed an unreasonable and improper use of the building as against him, and it was error to submit to the jury the question whether it was such a use, upon the hypothesis of fact employed in this instruction.

The judgment will be reversed and the cause remanded. Judge Rombauer concurs. Judge Lewis is absent.