## HESSTON STATE BANK, Respondent, v. CHARLES T. LUTHY, Appellant.

Kansas City Court of Appeals, May 1, 1911.

EVIDENCE: Presumptions: Abandoned Pleadings. In a suit on a promissory note assigned to plaintiff bank before maturity, plaintiff alleged in its original petition that the original payee had agreed with defendant, as its agent, that he would assume payment of the note. Subsequently, however, plaintiff amended its petition by omitting the allegation in question. The evidence conclusively showed that plaintiff was mistaken in this allegation, and hence omitted it from its amended petition.

*Held*, that, although the original allegation is presumed to be true as against plaintiff, nevertheless plaintiff is not conclusively bound by such an allegation, because the word presumed does not mean that the inference to be drawn from a certain state of facts is undeniably true, and not subject to contradiction, and also because to hold that a party was bound by its abandoned pleadings would practically deprive it of the benefit of the code providing for the amendment of pleadings.

Appeal from Jackson Circuit Court.—*Hon. E. E. Porterfield,* Judge.

AFFIRMED.

*Lathrop, Morrow, Fox & Moore* for appellant.

*George L. Davis* for respondent.

BROADDUS, P. J.—This is a suit on a negotiable promissory note made payable to S. J. Mattocks and by him assigned before due to plaintiff. The plaintiff in his original petition made said Mattocks a party defendant, alleging that he "for a valuable consideration, did promise and agree with defendant Luthy, who was acting for and on behalf of plaintiff, to pay the amount of said note," etc.

Plaintiff, however, amended his petition in which the said allegation that Mattocks had assumed payment of the note was omitted and suit discontinued as to him. Defendant testified that he and Mattocks had business transactions together, and that they had a settlement between them as to such transactions; and that as he did not know who held the note, and as he was going away temporarily, he paid the amount of the note to Mattocks who agreed to pay it to the holder. Endorsed on the back of the note in pencil was: "Int. pd. to maturity." The note was payable at the office of the Union Gas & Traction Company of which Mattocks was the manager and trustee.

The defendant, relied for his defense upon the said allegation in the petition that Mattocks had agreed with the plaintiff for a valuable consideration to assume the payment of the note. As a matter of fact, the defendant testified that there was no such agreement. And it is so conceded.

The finding of the court sitting as a jury was in favor of the plaintiff and judgment was accordingly rendered for the amount of the note and interest. Defendant appealed.

There is but one question in the case, viz: What effect is to be given to the said allegation of plaintiff's original petition? It is insisted by defendant as against plaintiff the allegation is presumed to be true and that plaintiff is conclusively bound by it. It is said: "Prima facie the original answer of a defendant in a cause is competent evidence against him." [Anderson v. McPike, 86 Mo. 293.] "Admissions contained in a pleading may be used against the party in another suit." [Dowzelot v. Rawlings, 58 Mo. 75.] In a case where the answer of defendant in another suit was in evidence, the court said: "It was the contention of the defendant that the answer should have been excluded. This contention of appellant is unsound, for the reason the answer was admitted in evidence because it contained certain written admissions against the interest of the company, which the law presumes to be true because they are against its interest." [Kirkpatrick v. Met. Street Ry. Co., 211 Mo. l. c. 81.] In Anderson v. McPike, supra, the holding is that an abandoned answer is prima facie evidence only against defendant. In the two following cases the answers were not abandoned pleadings, but allegations upon which the respective defendants based their defenses. The language of the court in the use of the word presume, is not to be taken as meaning that the party was concluded by the admission. In a case in the same report the court held that an abandoned answer verified by affidavit was not conclusive on the

defendant. [Meissner v. Railway Equipment Co., 211 Mo. 112.]

The word presumed as used does not mean that the inference to be drawn from a certain state of facts is undeniably true, and not subject to contradiction. The law presumes that a man accused of crime is innocent, yet he may be shown to be guilty. It is presumed every unlawful act to be criminally intended, until the contrary may be shown. Possession of personal property is presumptive proof of ownership, but not conclusive. Possession of personal property recently stolen is presumptive evidence of larceny, which if not explained, is conclusive. When the existence of a person is once established, his existence is presumed to continue until the contrary is shown. After the lapse of seven years without any intelligence concerning a person, he is presumed to be dead, but it may be shown that he is living. These instances are cited to show that the word presumed does not mean absolutely inferred.

If the rule appellant seeks to apply to the abandoned answer is sound, it would in many instances work a great hardship and would practically deprive him of the benefit of the code providing for the amendment of pleadings. The pleader could not correct a mistake when discovered and be allowed to state the truth, because he is precluded by his initial plea. The amendment would serve no good purpose because he would be precluded from substantiating it by evidence of its truth. This case furnishes a fair illustration of the absurdity of the contention.

The evidence conclusively shows that plaintiff was mistaken when he alleged in his original petition that Mattocks had agreed with defendant as its agent for a valuable consideration that he would assume payment of the note. Yet what both sides admit to be untrue must now be taken as true because plaintiff once so alleged in his petition. It is useless to pursue the subject further. Affirmed. All concur.