57 415
77 282

BARTHOLOMEW CORLEY, Defendant in Error, v. MAURICE McKEAG, Plaintiff in Error.

St. Louis Court of Appeals, April 3, 1894.

1. **Evidence**: ABANDONED PLEADINGS. *Semble*, that an abandoned pleading may be offered in evidence against the party who filed it.

2. **Equity**: RELIEF AGAINST JUDGMENTS RESULTING FROM ERRONEOUS RULINGS OF COURTS. The fact, that a judgment resulted from error in the rulings of the court which rendered it, is not ground for relief in equity against its enforcement.

3. **Interest**: ACTION ON JUDGMENT. If suit is brought on a judgment which bears interest at the rate of ten per cent. per annum the new judgment should consist of the amount due at the time of its rendition, and bear the same rate of interest from that time.

4. ———: ———: EFFECT OF LAW OF 1891. The act of April 25, 1891, prohibiting interest in excess of eight per cent. per annum does not affect an action for the enforcement of a prior contract or judgment.

*Error to the St. Louis City Circuit Court.*—HON. JACOB KLEIN, Judge.

AFFIRMED.

*M. Kinealy* and *M. McKeag* for plaintiff in error.

(1) A court of equity will grant relief to a person injured by a judgment, where the person injured was prevented from using evidence at the trial without any fault of himself or his agent, and, if it had been admitted, the result might have been different. A court of equity has power to remedy a wrong for which a court of law furnishes no remedy. 2 Story's Equity Jurisprudence, sec. 875; 3 Pomeroy's Equity, sec. 1364; *State ex rel. v. Engleman*, 86 Mo. 551; *Wernse v. McPike*, 86 Mo. 565; *Dun v. Miller*, 96 Mo. 324. (2)

The court erroneously rendered judgment, that the judgment rendered herein should bear ten per cent. per annum, in this, that the cause of action was not upon a contract, but upon a judgment which merged the note sued upon, and which can not be considered in determining the interest herein. Furthermore, the act of the legislature, approved April 25, 1891, forbids the making of a contract for a higher rate of interest than eight per cent., and this judgment having been only good as a cause of action was certainly affected by this law. *Wilson v. Marsh*, 13 N. J. Eq. 289; *Ransom v. Cobb*, 67 Mo. 375; Session Acts, 1891, p. 169.

*John Johnson* for respondent.

(1) The trial court did right in excluding the evidence offered by defendant. Said evidence pertained only to matters occurring prior to the original judgment and adjudicated therein. *State ex rel. v. Donegan*, 12 Mo. App. 190. (2) There was no error in making the judgment rendered bear the same rate of interest as the original judgment. *State ex rel. v. Vogel*, 14 Mo. App. 187.

Rombauer, P. J.—The plaintiff recovered a judgment against the defendant in the circuit court of the city of St. Louis on March 6, 1879, for $885.69, bearing interest at the rate of ten per centum per annum. The defendant appealed to this court, which affirmed the judgment. *Corley v. McKeag*, 9 Mo. App. 38. On the sixteenth of March, 1893, the plaintiff instituted the present action, averring that no part of said judgment had been paid, and praying for another judgment for the sum of $885.69, with interest thereon at the rate of ten per centum per annum from date of original judgment. The court, upon the hearing of the cause,

rendered a judgment as prayed for in the petition, with the addition that such new judgment should bear ten per cent. interest from the date of its rendition until paid. The defendant appeals, and assigns for error the action of the court in ruling out some evidence offered by him upon the hearing, and excess in the judgment.

The first assignment rests on the following facts: The original action was based upon a note executed by the defendant. The defendant in that action claimed that the note had been paid, and, as evidencing such payment, set out an agreement between himself and the plaintiff. The plaintiff first replied, pleading the statute of frauds in avoidance of the agreement, but subsequently withdrew that replication and filed another containing a mere general denial of the answer. Upon the first trial the defendant offered in evidence this abandoned reply of the plaintiff, but the court ruled it out, holding that abandoned pleadings are not evidence in this state. That ruling of the trial court this court affirmed, although it would seem that such ruling was erroneous, as shown by a subsequent decision of the supreme court in *Anderson v. McPike*, 86 Mo. 293.

In the present action the defendant again attempted in his answer to set up the identical defense to the judgment which he had set up in his suit upon the note, and in support thereof introduced the bill of exceptions in the original suit, which the trial court ruled out. This is the first error complained of.

The defendant, if we understand his argument at all, conceives the law to be that, among the accidents and mistakes in judgments against which courts of equity will relieve, are accidents of the former trial, and mistakes made at such trial by the court in its rulings upon the evidence. This view is so erroneous, that its

bare statement furnishes a complete refutation of its accuracy. The conclusiveness of a judgment would rest upon a slender foundation, if errors committed by the court upon a trial could be corrected by bills in equity brought to vacate the judgment for mistake in its rendition.

Our statute provides that judgments and orders for money upon contracts bearing more than six per cent. interest shall bear the same interest as borne by such contracts. R. S. 1889, sec. 5974. The note sued on bore ten per centum interest, and the first judgment rendered bore ten per centum interest. The court, therefore, did not err in rendering a judgment computing the principal and interest at that rate, the new judgment to bear ten per cent. interest again. It is true that this results in a compounding of the interest, but the statute admits of no other construction. *State ex rel. v. Vogel*, 14 Mo. App. 187. In *Buchan v. Broadwell*, 88 Mo. 31, a judgment bearing fifteen per cent. interest per annum has been upheld. In *Ransom v. Cobb*, 67 Mo. 375, interest on penal interest of one hundred per centum per annum, and in *Murdock v. Lewis*, 26 Mo. App. 234, a judgment with ten per centum interest with annual rests, was also upheld. As the contract was made long anterior to the act of April 25, 1891 (Laws 1891, p. 169), which forbids the taking of interest in excess of eight per centum, that law has no bearing upon the question before us. All the judges concurring, the judgment is affirmed.