KANSAS CITY *ex rel.* JAMES PRYOR, Respondent, v. ABBIE M. WINNER *et al.*, Appellants.

### Kansas City Court of Appeals, May 14, 1894.

1. **Justices' Courts:** JURISDICTION: TAX BILLS: KANSAS CITY CHARTER. Under the Kansas City charter of 1889, a justice of the peace has jurisdiction to hear and determine cases found on special tax bill[1] for street and sewer improvements issued prior to the adoption of said charter, *following Kansas City v. Summerwell, ante,* p. 246.

2. ——: JUDGMENT: NO COLLATERAL ATTACK. The judgment of a justice having jurisdiction of the parties and subject-matter can not be collaterally attacked on motion to quash execution on the ground that the interest allowed in the judgment was excessive, which error could only be cured by appeal.

*Appeal from the Jackson Circuit Court.*—HON. ED. L. SCARRITT, Judge.

AFFIRMED.

*Kenneth McC. Deweese* for appellant.

The contention of the defendants is that the justice of the peace before whom the suit was brought

upon said tax bill had no jurisdiction in any such case for the reason among others that there was no statute authorizing such suit to be brought before a justice of the peace or conferring on such justice of the peace jurisdiction in such suit, and that the words in section 2, article 9 of the charter of 1875 do not confer upon a justice of the peace jurisdiction of any such suit or authorize the same to be brought before a justice of the peace. *City of St. Louis ex rel. v. Rudolph*, 36 Mo. 465. Session Laws of Missouri, 1859–60, p. 383. Nor does the adoption of the new charter of the city, commonly called Freeholders' Charter, change the manner in any respect whatever. Section 1847 of the revised statutes of Missouri, relating to the adoption of charters like our Freeholders' Charter and in force at the time of its adoption (Laws of 1887, page 44) is controlling, and this section is substantially embodied in section 10 of article 17 of the Freeholder's Charter. Sec. 10, art. 17, page 129, city charter, 1889. The court rendered judgment for the amount of the face of the tax bill, to wit: $7.14 with interest thereon at the rate of fifteen per cent. per annum from the date thereof, to wit: November 17, 1887, amounting to $4.73, making the total amount of judgment $11.87, together with costs, and as part of said judgment made the following further order: "The judgment to bear interest from date hereof at the rate of fifteen (15) per cent. per annum, etc." Tax bills issued for such special assessments are not contracts but rather obligations imposed by law, and the interest authorized is more in the nature of a penalty than of contract and is to be included in the verdict to the date of its rendition, but the judgment should bear only the rate authorized by statute, to wit: six per cent. per annum. *City of St. Louis ex rel. v. Allen*, 53 Mo. 57. Session Laws of Mo. 1866, page 296, sec. 11.

*Quarles & James* for respondent.

(1) The question at issue in this case is: Did the justice of the peace have jurisdiction of the subject-matter of the suit? We think the charter of 1875 is conclusive on this point. Art. 8, sec. 4. The charter of Kansas City, 1889, article 9, section 18, also confers jurisdiction in such cases upon the justice of the peace. This was in force at the date of commencement of this suit. We claim that this clause is general, and applies to all tax bills, of every kind and description, issued under that charter, and gives the justice of the peace full jurisdiction of the subject-matter. This being so, the court acquired jurisdiction of the parties by the summons and service. This fully disposes of this point, and of the case of *City of St. Louis ex rel. v. Rudolph*, 36 Mo. 465, relied upon by appellant. There was in that case no such charter provision, conferring jurisdiction on the justice of the peace. The charter of 1875 must be considered as a whole. (2) It is too late now for appellants to complain that the judgment was excessive. "A judgment rendered by a court having jurisdiction of the parties and of the subject-matter can not be collaterally attacked." *State ex rel. v. Donegan*, 83 Mo. 374; *State ex rel. E. A. Christy v. Donegan*, 12 Mo. App. 190; *Yates v. Johnson*, 87 Mo. 213; *Merrick v. Merrick*, 5 Mo. App. 123; *Duffy v. Joyal*, 5 Mo. App. 579; *Knoll v. Woelker*, 13 Mo. App. 275; *Fulkerson v. Davenport*, 70 Mo. 541; *Colvin v. Six*, 79 Mo. 198; *State ex rel. v. Six*, 80 Mo. 61.

GILL, J.—In November, 1887, there was issued to the plaintiff a special tax bill charging defendants' real estate on account of constructing a district sewer.

This was done during the existence of the old charter of Kansas City, granted in 1875, and before the adoption of the new charter of 1889. Action was brought before a justice of the peace to enforce the tax bill in February, 1891, which was after the adoption of the present charter. The defendants were duly served and appeared before the justice, where a judgment was rendered for the amount of the bill, interest and costs.

Thereafter, in June, 1893, plaintiff filed a transcript of the judgment in the office of the clerk of the circuit court and sued out a special execution. Thereupon defendants filed a motion to quash the execution on the alleged ground that the justice of the peace had no jurisdiction of the cause, and that therefore the judgment, and execution thereon issued, was void. The circuit court overruled the motion, and from its judgment defendants appealed.

I. We sustain the ruling of the circuit court for reasons set out in *Kansas City to use of Drake v. Summerwell*, decided by us at this sitting. We hold here, as there, that under the provisions of the Kansas City charter of 1889 the justice of the peace had jurisdiction to hear and determine this case.

II. As to the further point, that the judgment awarded a greater rate of interest than the law permits—in other words, that the judgment was excessive in amount,—it is only necessary to say that it is now too late to raise that question. If anything, that was an error that might have been cured by an appeal. The justice having jurisdiction of the parties and subject-matter, the judgment can not in this way be collaterally attacked. *Gray v. Bowles*, 74 Mo. 419. Judgment affirmed. All concur.