CARL H. BRYANT, *et al.,* Appellants, v. KANSAS CITY and BEN JAUDON, Treasurer of Kansas City, Respondents.

Kansas City Court of Appeals, July 7, 1921.

1. **MUNICIPAL CORPORATIONS: Eminent Domain: Charter: Benefit District: Under Charter of City, it is Unnecessary to Particularly Describe Property Not Taken, but Damaged.** Where the Charter of the City of Kansas City, Required condemnation ordinance to separately describe the property to be purchased, taken or damaged, and there was no description in the ordinance of certain lands which were not actually taken, but which were damaged by the taking of part of what had formerly been their whole, the city was not required to describe the part not taken, for the damage thereto was a mere incident to the damage to the part taken, and such damage should be assessed by the jury; hence a property owner against whom benefits are assessed cannot attack judgment assessing such damage on the theory that there was an insufficient description of the property damaged.

2. ———: ———: **Condemnation Proceedings: Injunction: Plaintiffs Barred by Judgment in Condemnation Proceeding Against Collection of Assessment.** Where plaintiffs were served with publication in condemnation proceedings, and stood by and made no objection

until after the property had been taken, damaged and paid for, they cannot later escape the burden imposed on them, for the benefits accruing to them therefrom, on the ground that the property damaged, but not actually taken, was not sufficiently described.

Appeal from the Circuit Court of Jackson County.— *Hon. Willard P. Hall,* Judge.

AFFIRMED.

*Bruce Barnett* for appellants.

*E. M. Harber, F. M. Hayward* and *Benj. M. Powers* for respondents.

ARNOLD, J.—This is a suit in equity seeking to enjoin the City of Kansas City, Missouri, and its treasurer from collecting certain benefit assessments levied in a condemnation proceeding by said city for public use for trafficway, boulevard and parkway purposes.

Plaintiff brought suit in the court below at Independence, Jackson county, to enjoin Kansas City and its treasurer from collecting certain benefit assessments levied in a condemnation case which previously had been tried in the circuit court of Jackson county, at Kansas City being entitled: "In the matter of the condemnation of land in the North Park District of Kansas City, Missouri, for public use for trafficway, boulevard and parkway purposes, under ordinance of Kansas City, Mo., commonly known as the "Locust Street Connection. Cause No. 115,770"

In the condemnation proceeding certain lands were taken for the widening of Locust street and for a new roadway through certain tracts of land, the whole to form a broad roadway from Sixth street and Grand avenue to Third and Cherry streets in Kansas City. In certain cases the new roadway would cut a portion of a tract of land, taking part of it for the city's use and leaving the rest in the ownership of the title holder. In

making up its verdict the jury awarded the owner the value of the part of his tract which was taken, and in addition thereto, such amount as they deemed he was dammaged by reason of the tract being left smaller and, in some cases irregular in shape.

The jury made its award in three paragraphs: One stating the description of the part of the tract actually to be taken and the value thereof; another awarding damages for the part not taken, by reason of taking the part that was taken. There were twenty-eight of the tracts damaged but not taken. All parties whose land was either taken or damaged entered their appearance in the condemnation case, and all but two had accepted from the city the compensation and damages awarded them, and had executed proper receipts therefor. The record shows that in the condemnation cases No. 115,770 appeals were taken to the Supreme Court and thereafter were dismissed, as shown by the mandate of said court.

The order for publication addressed "to all persons whom it may concern" set out the ordinance in full, describing the property to be taken, and also describing the benefit district to be assessed. The property of plaintiffs herein was shown to be in said benefit district so described. There was a plat filed at the time of the commencement of the condemnation case which included the property taken and also the tracts which the jury afterwards found were damaged. After the conclusion of the condemnation case, plaintiffs brought this suit. Judgment was rendered in favor of defendants.

Plaintiffs aver that certain void and pretended benefit assessments against their real estate described in their petition constitute a cloud upon their title, and seek to have such assessments declared not to constitute a lien upon said property.

The charter of the city of Kansas City provides as a procedure in condemnation cases similiar to the one involved herein, that the park Board adopt a resolution

recommending to the Common Council that an ordinance be passed for the taking of lands for such public purposes; the Common Council passes the ordinance. The charter requires that such ordinance shall describe the land to be taken or damaged, and shall define the district within which parcels of land shall be deemed benefitted by the establishment of such public improvements.

The city then files a certified copy of such ordinance in the circuit court, and this certified copy is the petition in ordinary pleadings.

Under the direction of the court a jury is impanelled for the purpose of determining the value of the property taken and the amount of damage to property not taken, and an order of publication is made by the court. Trial is had on the issues of values of the property to be taken, and the extent of damage to property not taken, and the amount of benefits deemed by the jury to accrue to the various parcels of land within the benefit district. By such judgment a tax becomes imposed to the extent of the benefit assessed by the verdict upon each parcel of real estate within the benefit district to the extent of the amount of the benefit as found by the verdict.

On July 3, 1917, the Board of Park commisioners of Kansas City passed a resolution designating the trafficway above referred to under article 13 of the Charter, and describing by metes and bounds certain lands to be taken for such purpose. Thereafter the common council passed an ordinance No. 30176, which was approved July 19, 1917, in accordance with the resolution of the Park Board, declaring that a trafficway and boulevard be opened and established as herein recommended, and that special assessments against the whole of the North Park District, as defined in section 7, of article 13 of the Charter, be made.

A verdict was rendered in and by which ninety-seven separate parcels of land taken were assessed as to value in the total sum of $279,677; and twenty-eight tracts were described as property not actually taken but damaged

to the extent of $27,335 making an aggregate total of $307,012, for values of land taken and damages to land not taken by the proceedings; and by the verdict a very large number of parcels of land in the North Park District were found and determined by the verdict to be benefited to the extent set out therein. The amount of particular benefits assessed against the real estate of of plaintiff herein was $1913.60.

The appeal is based upon the contention, first, that the Charter of the defendant city requires that the ordinance shall describe the property to be taken or damaged; and that the ordinance covering the lands in the case at bar did not describe any property damaged but not taken, and that notwithstanding such fact damages were declared by the verdict as to property not taken to the extent of $27,335; and in the judgment of the court upon said verdict there is included in the amount of the benefit assessments against the various parcels of real estate in the said North Park District, the unwarranted and unauthorized sum of $27,355 on account of property not taken but damaged, and that the benefit assessments are null and void.

The verdict of the jury covers descriptions of many parcels of land, but for a basis of the contentions of counsel for plaintiffs in this case, we need quote only the following:

"The foregoing parcels above described comprise all the property taken or damaged by virtue of these proceedings under Ordinance No. 30176 of the common council of Kansas City, Missouri, and the specific amount found to be the value of each piece of property actually taken, and the damages to each piece of property not actually taken as hereinabove set forth, we find to be the just compensation to the owners or claimants thereof, and the total compensation for all of the parcels taken and damaged as above described, we find to be $307,012; we find that said amount is just compensation to the owners or claimants thereof."

"We find that no piece or parcel of private property not actually taken by these proceedings will sustain any actual damage from the use of the private property taken for the public use for which it is taken, including all that the city may from time to time, do or cause to be done with or upon the property so taken."

The part of the verdict against which plaintiffs direct their chief objection is the paragraph last quoted. Counsel argue that by their verdict the jury found that "no property not actually taken would be damaged," and that this clause contradicts and nullifies the other and preceding findings of the verdict to the effect that twenty-eight parcels of land "not actually taken" would be damaged in the aggregate of $27,335; and that the inclusion of this sum is unwarranted and unauthorized because (1) the ordinance did not describe any property to be damaged, and it was, therefore, not in the contemplation of the common council that any tax should be laid to cover damages to property not taken, and that when the jury found that damages to the extent of $27,-335 would result to property not taken, the court was without authority to proceed further, and the action should have been dismissed ; (2) the verdict declared there would be no damage done to any property not actually taken.

Section 10, article 13, of the Charter provides, in part, after designating the proceedings by the Park Board precedent to the passing of the necessary ordinance: "And in said ordinance separate descriptions of each piece or parcel of property shall not be required, but it shall be sufficient description of the property purchased, taken or damaged, to give a description of the entire tract by metes and bounds whether the same shall be composed of one or more than one piece or parcel. Thereupon, the City Engineer, or his assistants, shall make out and deliver to the Board of Park Commissioners, a statement by map, plat, or otherwise, containing a correct description of the several lots or parcels of pri-

vate property to be purchased taken or damaged, and containing also the names of the owners, so far as known, of such lots or parcels of land, if any, to be taken or damages, or of any estate or .interest therein.''

Jurisdiction of such proceedings is then vested in· the circuit court which has the right to make allowance of compensation for property taken and for damages to property not taken.

Counsel for plaintiffs contend that a finding by the condemnation jury that lands actually would be damaged which, in fact, were not described in the ordinance as lands to be damaged is unwarranted and void. The solution of this question is complete when we shall have determined whether or not there was a sufficient description in the ordinance of property damaged but not taken, upon which to base the verdict of the jury in the sum of $27,335, in addition to the amount of $279,677 for property taken.

In answer to this contention defendants assert that the city Charter does not require a separate description of the property damaged; that the city council could not determine what property, or whether any property necessarily would be damaged by taking the property that was taken; that such determination was for the jury . . : and the assessment of damages was incidental to the taking of the property that was taken.

Section 10, article 11 of the Charter clearly contemplates the following proceedings: (1) To purchase land, (2) to take property by condemnation, (3) to ascertain damages to property not taken,

Plaintiffs own lots in the North Park District which are not taken nor damaged by the condemnation for the improvement, but are assessed with their proportionate part of the benefits accruing to property in that district to pay for the improvement. They seek to have the proceeding declared void because of the assessment of benefits to pay over $27,000 of damages to land not taken but which forms a part of the tracts from which

a portion was taken, The ground of complaint is that the ordinance did not describe the land damaged but not taken.

The clause in section 10 of article 13 of the Charter which requires the ordinance to describe the "property to be purchased, taken or damaged" refers to the different *respective* proceedings mentioned prior thereto, namely, property purchased or taken and property *not taken but damaged* as in the case of an abutment or approach to a bridge. The clause does not say property taken and damaged, but the words are in disjunctive, showing that they apply to the different proceedings theretofore mentioned.

In the case at bar the damage to the property not taken is to the remaining portion of those tracts a part of which is taken, and these damages are an incident to the damages arising from the taking of the part that is appropriated.

The damage to the remaining portion not taken depends upon the evidence because whether such remaining portion is damaged and the *extent* to which such portion can be said to be damaged depends on how it is used and many other things. [Railway Co. v. Norcross, et al., 137 Mo. 415; Railroad v. McGrew, 104 Mo. 292; Union Elevator Co. v. Railway Co., 135 Mo. 353; Bridge Co. v. Transit Co., 205 Mo. 174; Railroad Co. v. Aubuchon, 199 Mo. 352; Railroad Co. v. Story, 96 Mo. 611, 622.] Hence the condemnor, the city, is not required to describe the part not taken, but the damage thereto being an *incident* to the damage to the part taken and depending upon the facts as to each remaining portion of each tract, the jury can assess damages thereto. [Springfield, etc., Railroad Co. v. Calkins, 90 Mo. 538.]

Plaintiffs were served with publication and were in court from the start. They have stood by and made no objection until after the property has been taken, damaged and paid for, and then seek to escape the burden of the expenses thereof. They are bound by the judgment

in the condemnation case. [Kansas City v. Winner, 58 Mo. App. 299; Gray v. Bowles, 74 Mo. 419; Corley v. McKeag, 57 Mo. App. 415; Murphy v. DeFrance, 105 Mo. 53, l. c. 64; Lovitt v. Russell, 138 Mo. 474; Leonard v. Sparks, 117 Mo. 103; Union Depot Company v. Frederick, 117 Mo. 138.] And unless the proceeding is absolutely null, they are guilty of such laches as will not commend them to the conscience of a chancellor whose object is to do equity. [State ex rel., v. Seehorn, 246 Mo. 541.] There is nothing in the so-called inconsistency of the verdict.

In Railroad v. Calkins, 90 Mo. l. c. 546, the Supreme Court, speaking through Ray J., said: "Strictly speaking, perhaps the only land within the words of the statute and expressly required to be described, is the strip of one hundred feet, for that is all that the corporation seeks to acquire, but manifestly the damages to be assessed are not to be limited to that alone, which is merely the land taken, and does not embrace all the damages which the owner sustains by reason of the condemnation. In the case at bar defendant's said farm consisted of ninety-four acres and was, as the evidence shows, one entire compact tract of contiguous parcels. [See 70 Mo. 631, and 57 Mo. 601.]" The court further held in that case that "the damage sustained, and to be paid, was that done to the entire farm."

It is further claimed by defendant that all proceedings for condemnation of lands for streets, parks and boulevards for the past thirty years have been conducted in the same way as in Cause No. 115,770, to-wit the ordinance describing only the land actually to be taken; and that the jurors, nevertheless, have awarded damages caused thereby to parts of tracts not taken. And defendants say if this trivial point were allowed to prevail in this case, it could, with equal propriety and effect, be raised in any of those other past cases, even at this day, and owners assessed with benefits in those cases could enjoin the city from collecting them, thus causing untold confusion and tremendous loss to investors. In

fact, such a holding would upset and nullify all similar proceedings under which the city has been operating for years past.

In State ex rel., Graham v. Seehorn, 246 Mo. l. c. 560, it is said: "Thus for more than twenty years the city has acted on the assumption that it had authority to create such a court, and confer on it such jurisdiction. In that period doubtess property rights have been acquired to a great extent and I believe it would now be unwise to declare that rights which have arisen out of the existence of such jurisdiction by such courts cannot be upheld."

For the reasons above stated we hold there was no reversible error shown in the rulings of the court below.

The judgment is affirmed.